# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PIVORIUNAS,<br><br>                  Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC<br><br>                  Defendant. | Case No.: 18cv1159 W (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 12]** |

Defendant BMW of North America, LLC moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Plaintiff Brett Pivoriunas opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **DENIES** Defendant's motion [Doc. 12].

I.    **BACKGROUND**

In 2014, Plaintiff Brett Pivoriunas purchased a used 2009 BMW 335i from an Audi dealership. (*Compl.* ¶ 4.[1]) The vehicle included an 8 year/82,000 mile extended warranty for the vehicle's turbocharger system. (*Id.* ¶ 6, 7.) Defendant BMW of North America,

---

[1] The Complaint is attached as exhibit A [Doc. 1-2] to the Notice of Removal [Doc. 1].

1

LLC ("BMW") agreed to provide the warranty in approximately October 2012 as part of the consideration paid to settle a class-action lawsuit, <u>Nguyen v. BMW of North America, LLC</u> (the "<u>Nguyen</u> Action"), which alleged defects with the turbocharger system. (*Id.* ¶ 7.) Pivoriunas alleges that after purchasing the vehicle, it experienced nonconformities covered by the extended warranty and that BMW "failed to repair within a reasonable amount of time and/or reasonable number of attempts." (*Id.* ¶ 8.)

On March 18, 2018, Pivoriunas filed this lawsuit against BMW in the San Diego Superior Court. (*See Compl.*) The Complaint asserts the following three causes of action: (1) Violations of Song-Beverly Consumer Warranty Act; (2) Breach of Warranties; and (3) Violations of the Magnuson-Moss Warranty Act. On June 4, 2018, BMW removed the lawsuit to this Court. (*See Notice of Removal.*) BMW now moves for judgment on the pleadings.

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. <u>Fajardo v. Cnty. of Los Angeles</u>, 179 F.3d 698, 699 (9th Cir. 1999). A district court may grant judgment to a defendant only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Enron Oil Trading & Transp. Co. V. Walbrook Ins. Co.</u>, 132 F.3d 526, 529 (9th Cir. 1997) (citations omitted).

## III. REQUEST FOR JUDICIAL NOTICE

In support of their motion, BMW requests judicial notice of certain files from the <u>Nguyen</u> Action.

Although generally the complaint's factual allegations must be treated as true in evaluating a motion for judgment on the pleading, courts may consider documents

incorporated into the complaint by reference, and matters properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Judicial notice is appropriate with respect to court records. See Southern CA Stroke Rehab. v. Nautilus, Inc., 782 F.Supp.2d 1096 (S.D.Cal. 2011) (citing United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)). Accordingly, the Court will grant BMW's request for judicial notice.

IV. ANALYSIS

A. Res Judicata

BMW argues this lawsuit is barred by res judicata because it involves the "same parties or their privies from the *Nguyen* Action and the same exact breach of warranty claims, all of which were terminated by a final judgment through the Northern District's approval of the class action settlement agreement." (*P&A* [Doc. 12-1] 2:15–18.)

Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quotation omitted). A federal court sitting in diversity applies the res judicata rules of the state in which the court that made the judgment sits. Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001); Batzel v. Smith, 372 F.Supp.2d 546, 550–551 (C.D.Cal. 2005) (discussing choice of law in context of res judicata). Because the judgment in the Nguyen Action, a diversity case, was made in the Central District of California, this Court will apply California res judicata rules.

Under California law, res judicata exists where (1) there was a final judgment on the merits in the first lawsuit; (2) both lawsuits involve the same cause of action; and (3) privity exists between the parties in the two lawsuits. Villacres v. ABM Industries Inc., 189 Cal.App.4th 562, 577 (2010) (citing Federation of Hillside & Canyon Assns. v. City of Los Angeles, 126 Cal.App.4th 1180, 1202 (2004)); Southern CA Stroke Rehab., 782 F.Supp.2d at 1105. Here, Pivoriunas does not appear to dispute that privity among the

parties exists or that there was a final judgment on the merits in the <u>Nguyen</u> Action. Thus, the issue is whether the two lawsuits involved the same cause of action.

For purposes of applying res judicata, California law defines a "cause of action" under the primary-right theory. <u>Villacres</u>, 189 Cal.App.4th at 575–576. Under this doctrine,

> A "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that primary right. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

<u>Southern CA Stroke Rehab.</u>, 782 F.Supp.2d at 1106 (quoting <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 904 (2002)).

Here, BMW attempts to demonstrate that this case and the <u>Nguyen</u> Action involve the same primary right by pointing out that the two lawsuits involve: breach of warranty claims; the same vehicle; issues with the turbocharger and HPFP performance; allegations that the turbochargers are defective; and the same harms—i.e., damages resulting from the defective turbocharger and BMW's failure to conform the vehicle to the express warranty. (*P&A* 17:3–16.) Despite BMW's recitation of these common facts, BMW fails to identify the specific primary right at issue in the two cases case.

As set forth in the Complaint, Pivoriunas alleges that as part of the settlement in the <u>Nguyen</u> Action, BMW provided an 8 year/82,000 mile extended warranty for the vehicle's turbocharger system (*Compl.* ¶ 6, 7); that after the settlement the vehicle experienced problems with the turbocharger that were covered by the extended warranty (*id.* ¶ 8); and that BMW failed to fix the problems (*id.*). Based on these allegations, the primary right at issue was Pivoriunas' right under the extended warranty to have his vehicle's turbocharger fixed; the primary duty was the one BMW owed to Pivoriunas under the extended warranty to fix the vehicle; and the wrongful act was BMW's failure to do so. Although the <u>Nguyen</u> Action involved a similar primary right, it was not based

4

on the extended warranty, which according to the Complaint was provided under the settlement.

The Court recognizes that there are many similarities between the two lawsuits. However, res judicata bars relitigation of claims that were or could have been litigated in the Nguyen Action. See Southern CA Stroke Rehab., 782 F.Supp.2d at 1106 (whether plaintiff's second lawsuit for breach of contract was barred by his first lawsuit for breach of the same contract depended on whether plaintiff "could have raised the instant breach of warranty claims in the" first lawsuit). Because Pivoriunas's breach of warranty claims did not exist until the Nguyen Action was settled, he could not have raised the claims in that lawsuit. See Mycogen Corp., 28 Cal. 4th at 908 (explaining that initial lawsuit for breach of agreement was not a bar to second lawsuit for breach of a different provision in that agreement) (citing Title Guarantee & Trust Co. v. Monson 11 Cal. 2d 621 (1938)).

BMW nevertheless cites a number of cases it contends support a finding that Pivoriunas's claims are barred by res judicata. All of those cases are distinguishable from this case in that the causes of action in the earlier and subsequent lawsuits were based on the same conduct. For example, in In Re, Intl Nutronics, Inc., 28 F.3d 965 (9th Cir. 1994), the bankruptcy trustee's unlawful combination claim was barred by res judicata because it was based on the exact same alleged unlawful combination at issue in the previous bankruptcy-court proceeding authorizing the sale of assets. Similarly, in Villacres, although the plaintiff's PAGA lawsuit raised a different legal theory from the previous class action, both lawsuits were based on the same wrongful conduct. Id. 189 Cal.App.4th at 569; see also Moreno v. Lane Bryant, Inc., 2011 WL 13217973 (C.D.Cal. 2011) (indicating that the two class actions involved same wrongful conduct by defendant that led to labor code violations).

Because BMW has failed to establish that this lawsuit and the Nguyen Action involve the same primary right, res judicata does not bar Pivoriunas's claims.

## B. Settlement Agreement's Release Language

Although BMW's motion begins by claiming the "Court faces a single issue: whether Plaintiff's claims are barred under the doctrine of res judicata…", BMW appears to raise a second argument in the motion. Specifically, BMW contends that Pivoriunas's claims fall within the definition of "Released Claims" in the Nguyen Action Settlement Agreement.

Section 1.26 of the Settlement Agreement in the Nguyen Action defines "Released Claims" as follows:

> … any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that any Representative Plaintiff or Settlement Class Member has or may have against the Released Persons arising out of or related in any way to the subject matter of this Action, but do not include claims for personal injury or damage to a Settlement Class Member's Settlement Class Vehicle resulting from HPFP or turbocharger wastegate failure.

(*P&A* 20:15–27, citing *Ex. C* [Doc. 12-5] ¶ 1.26.) According to BMW, this provision's reference to "the subject matter of the action," means "a claim for breach of warranty for defective turbochargers and HPFPs in 2007–2010 BMW 335i vehicles." (*Id.* 20:22–24.) Because Pivoriunas's claims "directly related to the turbochargers and the warranties provided as consideration in the *Nguyen* Action," BMW contends his claims are barred. The Court is not persuaded by this argument for several reasons.

Paragraph 1.26 explicitly states that the "released claims" are those that any Settlement Class Member "has or may have" against BMW. This language contemplates claims existing at the time of the settlement, not claims that could not yet exist. At least one other provision in the Settlement Agreement supports this interpretation.

6

Specifically, ¶ 4.8 under "Releases" provides that the Class Members "forever release, discharge, and covenant not to sue the Released Persons regarding any of the Released Claims, which shall be understood to include all such claims which they do not know of or suspect **to exist in their favor at the time of this release**...." (*Ex. C* ¶ 4.8, emphasis added.)

Finally, the Court disagrees with BMW's interpretation of the term "subject matter of the action" in ¶ 1.26 for two reasons. First, the term is not defined in the Settlement Agreement and is certainly capable of two interpretations: BMW's and one in which "subject matter of the action" is limited to breach of warranties in existence when the Nguyen Action was filed. Second, BMW's interpretation would effectively render the extended warranty provided as consideration for the settlement meaningless because vehicle owners such as Pivoriunas would be precluded from suing BMW for breaching the warranty. For this reason, the Court finds BMW's interpretation unreasonable.

## V. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** BMW's motion for judgment on the pleadings [Doc. 12].

**IT IS SO ORDERED.**

Dated: January 22, 2019

Hon. Thomas J. Whelan
United States District Judge

7

18cv1159 W (WVG)