UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PIVORIUNAS,<br><br>         Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>         Defendant. | Case No.: 18-CV-1159-W-WVG<br><br>**ORDER ON DEFENDANT'S EX PARTE APPLICATION SEEKING TO EXTEND FACT DISCOVERY CUT-OFF** |

   On June 14, 2019, Plaintiff Brett Pivoriunas ("Plaintiff") and Defendant BMW of North America, LLC ("Defendant") telephonically appeared before this Court regarding Defendant's *ex parte* application seeking to extend the fact discovery cut-off in this matter. As detailed during the hourlong conference and summarized below, the Court denies Defendant's *ex parte* application in its entirety.

   At all times, Defendant was obligated to diligently engage in discovery to ensure its compliance with the operative scheduling order. Fed. R. Civ. Proc. 16(b)(4) ("a schedule may be modified only for good cause and with the judge's consent"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment"). It follows that Defendant needed to timely identify proper deponents and provide reasonable notice of its intent to depose Plaintiff.

As a threshold matter, Defendant's admission that it could have noticed Plaintiff's deposition earlier belies its proffered argument that it diligently sought discovery. Defendant failed to comply with foundational discovery principles by unilaterally noticing Plaintiff's deposition on the eve of the fact discovery cut-off despite knowing that Plaintiff's counsel was unavailable that very day. The law makes clear that carelessness is incompatible with a finding of diligence and offers no reason for a grant of relief. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002) (finding that a party moving to modify the pretrial scheduling order to extend discovery was not diligent and thus failed to demonstrate good cause in part because the party did not seek to modify the scheduling order until four months after it was issued); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (denying motion to reopen discovery and modify scheduling order because plaintiff failed to show diligence).

The Court's inquiry ends upon its finding that Defendant was not diligent. *Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification"); *Zivkovic*, 320 F.3d at 1087. Accordingly, the Court denies Defendant's *ex parte* application in its entirety.

**IT IS SO ORDERED.**

Dated: June 14, 2019

Hon. William V. Gallo
United States Magistrate Judge